# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BEAL BANK NEVADA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-MC-9025-W-FJG |
| | ) Case No. 4:11-CV-00561-DDN |
| | ) (Eastern District of Missouri Case No.) |
| THE BUSINESS BANK OF ST. LOUIS | ) |
| | ) |
| Defendant, | ) |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, | ) |
| | ) |
| Movant. | ) |

## ORDER

Currently pending before the Court is Federal Deposit Insurance Corporation ("FDIC's") Motion to Quash Subpoena (Doc. # 1).

### I. BACKGROUND

On March 25, 2011, Beal Bank Nevada ("Beal Bank") filed suit against The Business Bank of St. Louis ("BBSL"). This case is currently pending in the Eastern District of Missouri. The underlying action involves a Participation Agreement initially entered into between BBSL and Champion Bank. Champion Bank was closed by the Missouri Department of Finance and the FDIC was named as Receiver. After the FDIC was named as Receiver, BBSL made an offer to purchase the interest in the Participation Agreement from the FDIC, but the offer was rejected. Thereafter, the FDIC sold the interest to Beal Bank. However, BBSL argues that it was not offered the right of first refusal and has refused to make payments under the Participation

Agreement to Beal Bank. Beal Bank filed the underlying action against BBSL for its refusal to make these payments.

On June 29, 2011, the FDIC, which is not a party to the Eastern District case, was served with a subpoena duces tecum by BBSL. The subpoena was served on the FDIC's Custodian of Records in Kansas City, Missouri and sought to take the deposition of the Custodian of Records and requested production of all documents relating to the assignment of a certain participation agreement between Champion Bank and BBSL. The request asked for:

> all documents related to the assignment of that certain participation agreement between Champion Bank and The Business Bank of St. Louis in which The Business Bank of St. Louis sold to Champion Bank a participation interest in a $4,900,000.00 loan . . .. This request specifically includes, but is not limited to, all documents regarding the sale and/or assignment of the Note as well as all correspondence the FDIC received regarding this Note or the sale of the same including all email correspondence, all of the FDIC marketing documents, as well as all offers which the FDIC received on the Note, and all notes pertaining to the price paid by Beal Bank Nevada for the assignment and the negotiations between Beal Bank Nevada and the Federal Deposit Insurance Corporation.

On August 19, 2011, the FDIC filed the instant miscellaneous case seeking to quash the subpoena.

## II. STANDARD

Fed.R.Civ.P. 45(c)(3) provides in part:

(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(I) fails to allow a reasonable time to comply;
. . .
(iv) subjects a person to undue burden.

## III. DISCUSSION

The FDIC seeks to have the subpoena quashed because it argues that the subpoena imposes an undue burden on the agency, as the FDIC is not a party to the underlying action and the documents could just as easily have been requested from Beal Bank.  Additionally, the FDIC notes that the request includes documents for a completely different case than the underlying action and the request also seeks irrelevant documents.  In response, BBSL states that it has offered to limit the subpoena to only the documents immediately related to the Participation and Assignment for the limited purpose of discovering the amount that Beal Bank paid for the Participation. In reply, the FDIC states that BBSL has not indicated why it cannot obtain these documents directly from Beal Bank through discovery in the underlying action.  Beal Bank also filed suggestions in support of the Motion to Quash, arguing that the purchase price paid for the Participation Agreement is not relevant to any claims or defenses in the underlying action.  Additionally, Beal Bank argues that this Court should transfer this action to the Eastern District of Missouri as it was the Court which issued the subpoena.  Beal Bank also argues that the Court in the Eastern District of Missouri is more knowledgeable about the underlying action and has previously dealt with the issue regarding whether the purchase price should be disclosed.

The subpoena at issue is captioned United States District Court Eastern District of Missouri. The subpoena is addressed to: The Custodian of Records for Federal Deposit Insurance Corporation, 2345 Grand Boulevard, Kansas City, MO 64108-2663 and is signed by counsel for defendant.  The subpoena lists the place of deposition as: the offices of defendant's counsel in Kansas City.  However, the subpoena requested that the documents be produced at counsel's offices in St. Louis, Missouri.

Fed.R.Civ.P. 45 (a)(2)(B), (C), states in part:

A subpoena must issue as follows:

(B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and
(C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

In <u>Myles v. Dierberg's Markets, Inc.</u>, No. 4:09-CV-573 CAS, 2009 WL 3414903, (E.D.Mo. Oct. 22, 2009), the Court stated:

> Rule 45(a)(2)(C), Fed.R.Civ.P., provides that subpoenas for the production or inspection of documents are to issue 'from the court for the district where the production or inspection is to be made.' Courts have held that this geographic limitation relates to the location of the documents to be produced, rather than the location specified on the subpoena for production. <u>See</u>, e.g., <u>Natural Gas Pipeline Co. Of America v. Energy Gathering, Inc.</u>, 2 F.3d 1397, 1406 (5th Cir. 1993)("[A] federal court sitting in one district cannot issue a subpoena duces tecum to a non-party for the production of documents located in another district."); <u>Highland Tank & Mfg. Co. v. PS Int'l, Inc.</u>, 227 F.R.D. 374, 380-81 (W.D.Pa. 2005)("a nonparty can only be compelled by an issuing court to produce documents within certain geographical limitations, usually no more than 100 miles from the nonparty's location."). . . Under this authority, a Rule 45 subpoena duces tecum issued from this Court for the production of documents located in other districts would be invalid.

<u>Id</u>. at *1. Similarly, in <u>LFP Internet Group, LLC v. Does 1-319</u>, No. 10-MC-121, 2011 WL 195614, (D.S.D. Jan. 20, 2011), the subpoena at issue requested documents from a company's office in Sioux Falls, South Dakota. The Court stated "[t]hus, only a district court in the District of South Dakota has jurisdiction to issue a nonparty subpoena on Midcontinent's records. Because LFP failed to secure a subpoena from the correct court, Midcontinent's motion to quash the subpoena is appropriate." <u>Id</u>. at *1. Courts have also noted that "controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere." <u>Highland Tank</u>, 227 F.R.D. 381.

In the instant case, the Court that issued the subpoena in question was the Eastern District of Missouri. Since this court is already familiar with the facts, parties and issues in this case, the Court finds that the better course is to have this Judge rule on this Motion to Quash. 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Because the FDIC could have filed this action in the Eastern District of Missouri, the Court hereby transfers this case to the Eastern District of Missouri.

Date: <u>December 8, 2011</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge